UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-00071-JAW |
| | ) |
| NICK SAMBIDES, JR., et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

Plaintiff alleges that the defendants published defamatory information in a July 2018 newspaper article regarding a criminal proceeding in which Plaintiff was the defendant. (Complaint at 7, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 7), which application the Court granted. (ECF No. 8.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

In his complaint, Plaintiff asserts that "[a] publication in the Bangor Daily News on July 20, 2018 was false inaccurate in a slanderous libel way to defame me."  (Complaint at

6.) In his request for relief, Plaintiff alleges, [d]efamation of my reputation and character, with falsified statements due to investigate the facts before publication." (*Id.*) In a statement of claim attached to the complaint, Plaintiff further alleges that the defendants "fail[ed] to investigate the validity of the source of the information." (Statement of claim at 2, ECF No. 1-1.) Plaintiff then asserts the following statements in the article were inaccurate: the date of his arrest, that his attorney filed an appeal immediately after sentencing when the appeal was filed two weeks after sentencing, that he was formerly of Calais when he is not "a former Maine Man," and the date he entered a plea to the charge. (Statement of claim at 4–7). Plaintiff also explains in some detail the circumstances that preceded the criminal charge, the alleged false information cited in support of the criminal charge, and the basis of his contention that the process that resulted in his conviction and sentence was unfair. (*Id.* at 2–7.)

## DISCUSSION

The essential elements of a defamation claim are: (1) a false and defamatory statement pertaining to the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) either special harm caused by the defamatory statement or a defamatory statement that is actionable even in the absence of special harm (i.e., defamation "per se," sometimes described as defamation for which "malice" may be implied). *Morgan v. Kooistra*, 2008 ME 26, ¶ 26, 941 A.2d 447, 455; *Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 27, 974 A.2d 276, 285; *Marston v. Newavom*, 629 A.2d 587, 593 (Me. 1993). Although the elements of a defamation claim are determined by state law, "[t]he sufficiency of the pleadings in a defamation case in federal

3

court is governed by federal rules." *Veilleux v. Nat'l Broad. Co.*, 8 F. Supp. 2d 23, 35 (D. Me. 1998); *DeSalle v. Key Bank of S. Maine*, 685 F. Supp. 282, 283 (D. Me. 1988).

Here, Plaintiff cannot rely on his general and conclusory assertions that the defendants published false statements to support his defamation claim. The general allegations do not constitute "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The specific statements Plaintiff challenges as inaccurate are also not actionable. "The question of whether a statement is reasonably susceptible of a defamatory meaning is a threshold question for the court. A communication is susceptible to defamatory meaning if it would tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community." *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) (internal citations and quotations omitted). While Plaintiff describes in some detail the bases for his belief that the criminal prosecution and disposition were based on inaccurate or false information, the facts in the article that he identifies as inaccurate (the date of his arrest, when an appeal was filed, whether he was formerly from Maine, and the date he entered his plea) are not "susceptible to defamatory meaning" in that they would not subject Plaintiff "to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community." *Id*.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed finds or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of August, 2020.