UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD CAIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:20-cv-00071-JAW |
| | ) |
| NICK SAMBIDES, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED[1] ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

A pro se prisoner objects to a magistrate judge's recommendation to dismiss a defamation lawsuit against a newspaper, an editor and a staff writer. After conducting a de novo review and responding to the inmate's objections, the Court affirms the recommended decision of the magistrate judge for the reasons set forth in his recommended decision and further explained in this opinion.

**I.   BACKGROUND**

On March 2, 2020, Donald Cain filed a complaint for defamation against two Bangor Daily News (BDN) employees, Nick Sambides, Jr. and Judy Harrison, and the BDN itself. *Compl.* (ECF No. 1). Mr. Cain alleges that the pair published nine

---

[1] This Amended Order corrects a typographical error contained on page 6 of the Order Affirming the Recommended Decision of the Magistrate Judge (ECF No. 16) dated November 2, 2020. On page 6 of the Order, second paragraph, it currently reads: "The mere statement that a person was "formerly of . . . Calais", Maine is not pejorative, and many would properly take it as a compliment that they were formerly (or currently) association with the city of Calais and the state of Maine." It should read "The mere statement that a person was "formerly of . . . Calais", Maine is not pejorative, and many would properly take it as a compliment that they were formerly (or currently) associated with the city of Calais and the state of Maine."

defamatory statements in a July 20, 2018 BDN article about his sentencing for stalking.  *Id.*, Attach. 1, *Notice of Intent to Sue*, at 2 (ECF No. 1) (*Letter*).

On March 16, 2020, Mr. Cain moved to procced in forma pauperis.  *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 7).  After reviewing information from the Bureau of Prisons (BOP) about Mr. Cain's prison accounts, on March 17, 2020, the Magistrate Judge granted his motion and assessed an immediate payment of $172.40 with subsequent monthly payments as required by 28 U.S.C. § 1915(b)(2) assessed at a rate of 20% of his monthly income until he paid the entire $350.00 filing.  *Order Granting Mot. for Leave to Proceed In Forma Pauperis*, at 1-2 (ECF No. 8).  The March 17, 2020 Order also directed Mr. Cain to notify the Court by April 7, 2020 if he still wished to proceed with his case in light of the Magistrate Judge's assessment.  *Id.* at 2.  On April 1, 2020 Mr. Cain informed the Court that he intended to proceed.  *Indication by Donald Cain of Intent to Proceed* (ECF No. 9).

The Magistrate Judge reviewed Mr. Cain's Complaint sua sponte pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(e)(2), to determine whether his action was "frivolous or malicious," "fail[ed] to state a claim on which relief may be granted," or "[sought] monetary relief against a defendant who is immune from such relief."  *Recommended Decision After Review of Compl. Pursuant to 28 U.S.C. § 1915(e)*, at 1-2 (ECF No. 11) (*Recommended Decision*).  On August 28, 2020, after reviewing Mr. Cain's Complaint, the Magistrate Judge concluded that he failed, under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), to allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 3-4 (citing *Twombly*, 550 U.S. at

570).  Moreover, the Magistrate Judge concluded the alleged statements were not defamatory under Maine law.  *Id.* at 4.  Thus, the Magistrate Judge recommended that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted.  *Id.*

On October 19, 2020, Mr. Cain filed an objection to the Recommended Decision and raised several objections.  *Resp. to Recommended Decision after Review of Compl. Pursuant to 28 U.S.C. § 1915(e)* (ECF No. 15) (*Pl.'s Obj.*).

## II. DISCUSSION

While the Court affirms the Magistrate Judge's Recommended Decision, the Court now specifically addresses Mr. Cain's three objections to the Recommended Decision.  Each objection is meritless.  First, he contends that he is not proceeding in forma pauperis.  *Id.* at 1.  Second, he argues that the Magistrate Judge improperly concluded that the newspaper article's assertion that Mr. Cain was from Maine was non-defamatory, intimating that the statement was defamatory because it caused the BOP to treat him differently than it otherwise would have, such as planning to release him to Maine rather than Nevada.  *Id.* at 2.  Third, Mr. Cain asserts that the article's characterizations of his conduct as "utterly reprehensible" and "[psychological] assault" have caused the BOP to label him a violent felon and therefore those statements are defamatory because they caused him harm.  *Id.* at 2-3.  Mr. Cain concludes he "meet[s] the elements of the defamation suit as harm has been caused by the Bangor Daily News and Nick Sambides, Jr."  *Id.* at 3.

3

### A.   Objection 1: Whether Mr. Cain is Proceeding in forma pauperis

Mr. Cain objects to the Magistrate Judge's statement that he is proceeding in forma pauperis because "the filing fees were took out of [his] commissary account, so [he] wasn't found indigent." *Pl.'s Resp.* at 1.

Mr. Cain is factually incorrect.  Mr. Cain moved to proceed in forma pauperis on March 16, 2020.  *Appl. to Proceed Without Prepayment of Fees and Aff.*  The following day, the Magistrate Judge granted his motion.  *Order Granting Mot. for Leave to Proceed in Forma Pauperis* at 1 ("The application is **GRANTED**, provided that, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available").  As the Magistrate Judge's Order explained, Mr. Cain still needs to pay certain filing fees while proceeding in forma pauperis.  *Id.* at 1-2.  Mr. Cain wrote that he understood that his in forma pauperis application had been granted.  *Indication by Donald Cain of Intent to Proceed* at 1 ("I just received the orders granting [in] forma pauperis dated 3/17/2020").  Mr. Cain then affirmed that he still wished to proceed with his lawsuits.  *Id.*  Thus, his objection lacks merit because he is proceeding in forma pauperis.

### B.   Objection 2: Whether Being a Mainer is Defamatory

Mr. Cain next objects that, contrary to the Magistrate Judge's determination, the article's statement that he was from Maine "has caused . . . undue harm" because it has adversely affected how the BOP treats him and is therefore actionable under Maine defamation law.  *Pl.'s Obj.* at 2.  Mr. Cain says in his Complaint (or more precisely the Notice of Intent to which his Complaint referred) that he "was not born

in Maine, Never a citizen of Maine, nor am I a former Maine Man." *Letter* at 3. In his objection, he says that the BOP used the article's assertion that he was from Maine and Texas to refuse to assign him to Nevada and instead to assign him to Fort Worth, Texas. *Id.* Furthermore, he maintains that the BOP is going to release him in Maine when he finishes his prison term.[2] *Id.*

The Court affirms de novo the Magistrate Judge's determination that the alleged false statements were not defamatory. Under Maine law, a defamation claim has four elements:

> (1) a false and defamatory statement concerning another;
> (2) an unprivileged publication to a third party;
> (3) fault amounting at least to negligence on the part of the publisher;
> (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Waugh v. Genesis Healthcare LLC*, 2019 ME 179, ¶ 10, 222 A.3d 1063, 1066 (Me. 2019) (citing *Rippett v. Bemis*, 672 A.2d 82, 86 (Me. 1996)).

The first element requires a false and defamatory statement. *Id.* Whether a false statement is defamatory is a question of law.[3] *Rippett,* 672 A.2d at 86 (citing

---

[2] Whether Mr. Cain is correct about being released to the state of Maine remains to be seen and he has provided no confirmation from the BOP about where it intends to release Mr. Cain. The decision as to where a defendant is to be released upon completion of a term of incarceration is within the authority of the BOP typically in consultation with the United States Probation Office. However, the Court agrees with Mr. Cain that he should not be released in the state of Maine because he has few ties to Maine, and Maine is where the victim of his harassment lives. Furthermore, he has much stronger ties to Nevada. Nevertheless, the Court acknowledges that this is a matter for the BOP in consultation with the Probation Office.

[3] The Recommended Decision quoted *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) as providing the relevant standard for determining whether a statement is defamatory. *Recommended Decision* at 4. In *Shay,* the First Circuit applied Massachusetts defamation law. 702 F.3d at 80 ("We . . . proceed on the basis that the governing state law is the law of Massachusetts"). However, because this case arises in Maine under diversity jurisdiction, the Court applies Maine substantive law, which is different from Massachusetts law. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

*Bakal v. Weare*, 583 A.2d 1028, 1030 (Me. 1990)). Maine's courts consider the ordinary meaning of a statement to decide whether it is defamatory. *See Gavrilovic v. Worldwide Language Res., Inc.*, 441 F. Supp. 2d 163, 182 (D. Me. 2006) (citing *Ballard v. Wagner*, 2005 ME 86, 877 A.2d 1083, 1088 (Me. 2005)). This inquiry requires the Court to consider the words in their context and assess how a reasonable listener or reader would understand them, rather than construing the words as negatively as possible. *See Pan Am Sys., Inc. v. Atl. Ne. Rails & Ports, Inc.*, 804 F.3d 59, 64 (1st Cir. 2015) (citing *Bakal*, 583 A.2d at 1030; *Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 108 (1st Cir. 2000); *Picard v. Brennan*, 307 A.2d 833, 835 (Me. 1973)). A statement is defamatory "if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Rippett*, 672 A.2d at 86 (quoting *Bakal*, 583 A.2d at 1029).

The allegedly false and defamatory statement is that Mr. Cain was "formerly of . . . Calais." *Letter* at 2. While Mr. Cain alleged that the Defendants' statement caused the BOP to treat him in a way that he dislikes, this does not make the statement defamatory.[4] Mr. Cain does not argue that being associated with the city of Calais or the state of Maine harmed his reputation, nor would this argument succeed. The mere statement that a person was "formerly of . . . Calais", Maine is not pejorative, and many would properly take it as a compliment that they were formerly (or currently) associated with the city of Calais and the state of Maine.

---

[4] The Court is extremely dubious about Mr. Cain's charge that the BOP relied on the contents of a newspaper article to make penal decisions about him. However, the Court does not rest its affirmance on its skepticism of Mr. Cain's assertion.

Moreover, the statement as written is literally true. Mr. Cain acknowledges that he "sojurn[ed]" in Maine for work and that he stayed in a place rented for him by his employer. *Letter* at 3. Contrary to Mr. Cain's protests, the BDN article does not say or imply that Mr. Cain was born in Maine, that he was a citizen of Calais, Maine, or that he was or is a Maine man; it only says that he was "formerly of Calais," a phrase consistent with his remaining in Calais for a period of time while he completed a construction job. Indeed, in its description of Mr. Cain's status in Calais, Maine, the Court of Appeals for the First Circuit used language similar to the BDN article. *United States v. Cain*, 779 F. App'x 6, 7 (1st Cir. 2019) ("After a short courtship, Cain married L.H., a resident of Houlton, Maine, in August 2014. At the time, Cain was living in Calais, Maine, and working as a superintendent overseeing the construction of a local Walmart"). While living in Calais for the duration of his employment there, Mr. Cain could be properly be characterized as "of Calais" and after he left, as "formerly of Calais."

In any event, the plain and ordinary meaning of this statement does not "tend[] . . . so to harm the reputation of [Mr. Cain] as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Bakal*, 583 A.2d at 1029.

Moreover, as Maine law requires, viewing these words in their context – a newspaper article about a criminal sentencing – further bolsters the conclusion that they were not defamatory. Rather than expressing any animus towards Mr. Cain, these words merely identified where he had previously lived. Thus, the Magistrate

7

Judge correctly found that these statements about Mr. Cain's ties to Maine were not actionable because, as a matter of law, they were not defamatory.

### C. Objection 3: Whether Opinions of Mr. Cain's Offense are Defamatory[5]

Mr. Cain's final objection is that the Magistrate Judge improperly found that the article's reference to U.S. Department of Justice (DOJ) press release, which quoted the Court's description of his offense as "utterly reprehensible" and "[psychological] assault," both failed to state a claim for relief and was not actionable as defamation. *Pl.'s Resp.* at 3. The Court affirms the Magistrate Judge. At the outset, the Court notes that these statements, as alleged, repeat statements the Court expressed about Mr. Cain's criminal actions at his sentencing hearing. *United States v. Cain*, 1:16-cr-00103-JAW, *Tr. of Proceedings, Sentencing Proceedings* at 71:18-19 ("Mr. Cain, you should know that I consider your conduct utterly reprehensible"), 71:20-22 ("I think what you did deliberately and willfully over the  - - an extended period of time, over a year, is that you not physically but psychologically assaulted your wife").

---

[5] Mr. Cain's Complaint reads: "A publication in the Bangor Daily News on July 20, 2018 was false inaccurate in a slanderous libel way to defame me. see NOIS9 (Notice of [intent] to sue) for statement of facts." *Compl.* at 6. The attached fact sheet claims that "Judy Harrison of the BANGOR DAILY NEWS and Nick Sambides, JR. believed to be editor, Utilized their right and "FREEDOM of the PRESS" to publicize inaccurate information, based on their failure to investigate the validity of the source of information . . .." *Letter* at 2. The Magistrate Judge properly concluded that "Plaintiff cannot rely on his general and conclusory assertions that the defendants published false statements to support his defamation claim." *Recommended Decision* at 4 (citing *Twombly*, 550 U.S. at 570). As a non-constitutional basis for rejecting Mr. Cain's objection, the Court primarily rests its affirmance of the Recommended Decision on this ground. *See Bond v. United States*, 572 U.S. 844, 855 (2014) ("[I]t is a well-established principle governing the prudent exercise of this Court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.") (internal quotation omitted).  However, because Mr. Cain's third objection implicates only a well-settled point of constitutional law, the Court responds to him.

At issue, therefore, is whether Mr. Cain pleaded a claim for defamation that is facially plausible regarding the republication of the judge's in-court statement. He has not. According to Mr. Cain, the allegedly defamatory article quotes a DOJ press release, which in turn quoted the sentencing judge's statements at Mr. Cain's sentencing hearing. *Letter* at 2.

"[T]he federal constitution imposes certain requirements on defamation actions independent of those established by the state's own law." *Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 108 (1st Cir. 2000). There are four key requirements. *Id.* First, when the defendant is a "media defendant" and the statements "involve matters of public concern, the plaintiff . . . must prov[e] the falsity of each statement." *Id.* (quoting *Philadelphia Newspapers, Inc.*, 475 U.S. 767, 776 (1986)). A "matter of public concern" is an "issue[] in which the public (even a small slice of the public) might be interested, as distinct, say, from purely personal squabbles." *Pan Am Sys.*, 804 F.3d at 66. Second, only demonstrably false statements "are actionable; hyperbole and expressions of opinion unprovable as false are constitutionally protected." *Veilleux*, 206 F.3d at 108 (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990)). Third, "private individuals must prove fault amounting at least to negligence on the part of a media defendant, at least as to matters of public concern." *Id.* (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974)). Finally, private plaintiffs "must prove 'actual malice' to recover presumed and punitive damages for a statement involving public concern." *Id.* (citing *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 128 (1st Cir. 1997)).

Here, Mr. Cain's Complaint fails to clear several of these constitutional hurdles. The allegedly defamatory statements were the newspaper's republication of opinions expressed by a federal judge in the course of his performance of his constitutional duties and posted online by a federal government agency, the U.S. Attorney's Office for the district of Maine. One branch of Government made the statements, another repeated them, and a newspaper reported on them. Because the newspaper's statements refer to conduct by government actors, the Court concludes these statements were matters of public concern. However, under the First Amendment, these statements are not actionable as defamation. Characterizing Mr. Cain's criminal conduct as "utterly reprehensible" and "[psychological] assault," are statements of opinion that cannot be disproven. *Veilleux*, 206 F.3d at 108. Moreover, his Complaint alleges no facts which plausibly show negligence or more egregious wrongful conduct by the Defendants in their investigation of his case. Rather than making a plausible showing of negligent fact-finding, Mr. Cain's Complaint reveals the source of the allegedly false information – the U.S. Attorney's Office for the district of Maine and in turn his sentencing hearing. *Letter* at 2. Thus, Mr. Cain has failed to state a claim upon which relief can be granted because (1) the allegedly defamatory statements are opinions that cannot be proven false, (2) he pleaded no facts which plausibly show fault by the Defendants, and (3) there is no allegation against the three Defendants that would allow the Court to conclude they engaged in "actual malice" in publishing the purportedly defamatory statements.

### III. CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and in this order.

Accordingly, it is ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 11) is hereby AFFIRMED. The Court DISMISSES Donald Cain's Complaint (ECF No. 1) WITHOUT PREDJUDICE for failure to state a claim upon which relief can be granted.

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2020